IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOVEY WHITE,                    )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  11 C 4560
                                )
UNITED CREDIT UNION,            )
                                )
            Defendant.          )

## MEMORANDUM ORDER

United Credit Union ("Credit Union") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by its ex-employee Dovey White ("White"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

Credit Union's cautious counsel have sought to hedge its bets by prefacing many of the Answer's paragraphs in this fashion:

> Defendant admits in part and denies in part the allegations contained in Paragraph --.

But the overusage of that locution has generated some unacceptable results.

First, Answer ¶5 follows that language (which itself appears permissible as to part of the allegations in Complaint ¶5) with a proper partial Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer, but it then follows that disclaimer with the non sequitur "and therefore denies same and puts Plaintiff to her proof." That is of course oxymoronic--how can a party that asserts (presumably in

good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from that paragraph of the Answer.

Next, even though the "admits in part and denies in part" usage may be appropriate (though nitpicking) in a lot of places, that does not at all appear to be true as to Answer ¶¶11, 21 and 25. In each of those instances Credit Union's admissions appear to extend to all of White's corresponding allegations, so that a straightforward "Defendant admits the allegations..." would seem to be called for instead.

Finally, some of the ADs are troublesome as Credit Union has advanced them. Here are some problems that this Court has spotted:[1]

> 1. As Rule 8(c) and the caselaw applying it make plain (see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), the nature of an AD is to accept a complaint's allegations as gospel, but then to state why defendant is still not liable to plaintiff (or may be liable for less than is claimed, as in the case of contributory negligence). In this instance, however, AD 1 is the equivalent of a Rule 12(b)(6) motion rather than

---

[1] This is not an effort to be exhaustive. If White's counsel sees other difficulties, counsel is free to pose them.

2

an appropriate Rule 8(c) defense. In any event, it is certainly not viable as to Complaint Count I.[2]

2. AD 2 is purely speculative, and it is stricken without prejudice.

3. AD 3, which appears to target Complaint Count I, is stricken because White has alleged a willful violation on Credit Union's part, something that gives rise to a three-year (not two-year) statute of limitations.

4. ADs 5 and 6 are insufficient to comply with the requirements of notice pleading that are incumbent on defendants as well as plaintiffs. If Credit Union wishes to assert either or both of those defenses, that must be done by fleshing out Credit Union's contentions. In the meantime, those ADs are stricken without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 9, 2011

---

[2] This Court expresses no view as to Count II in the latter respect, a matter that remains for future consideration.