IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOVEY WHITE,                    )
                                )
         Plaintiff,             )
                                )
    v.                          )    No. 11 C 4560
                                )
UNITED CREDIT UNION,            )
                                )
         Defendant.             )

## MEMORANDUM ORDER

Kristen Prinz and Natalie Lange have just delivered to this Court's chambers the judge's copy of their Joint Motion To Withdraw ("Motion") as counsel for plaintiff Dovey White ("White"), together with a notice designating September 28 as the presentment date for this motion. This memorandum order is issued sua sponte because of two problematic aspects of that filing.

To begin with, setting a presentment date that far out violates this District Court's LR 5.3(b). Although that violation places the presentment just a few days beyond the LR's outside limit, the other matter dealt with hereafter explains why even a presentment date just within the 14-day outside limit creates too much delay.

What is more troubling is that the prospectively withdrawing counsel have taken it upon themselves to set a timetable beyond the presentment date within which White can retain substitute counsel (a decision that is of course for this Court to make).

Here is what attorney Prinz has said in her September 9 letter to White (a notification repeated in paragraph 7 of the Motion):

> Please be advised that to insure notice of any future action taken in your case, you should retain other counsel or file your supplementary appearance within 21 days after entry of the order allowing me to withdraw.

At best such a sequence would put this case in the deep freeze until October 19--a gap of more than five weeks from the September 12 date of counsel's notice.

That is unacceptable to this Court. At the most recent status hearing date of the case, this Court had set November 3 as the next hearing date in contemplation that the parties would have engaged in active discovery in the interim so that the case would keep moving forward. Just why counsel set the schedule that they did (or why they believe they were entitled to set the timetable at all) is unknown to this Court.

Accordingly the prospectively withdrawing counsel are ordered (1) to establish a considerably shorter timetable for the Motion to be presented and (2) to communicate to White the requirement that she (or replacement counsel) must be present (or at least available by telephone) for that motion presentment date.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 14, 2011